IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                      Criminal Action No. 5:19CR22
                                                      (STAMP)

MARTIN ANDERSON,
aka MARTIN THOMAS ANDERSON,
aka MARTIN T. ANDERSON,
aka MARTIN T. McNEIL,
aka MARTIN T. McNEAL,
aka JEFFREY BROWN,

    Defendant.

**MEMORANDUM OPINION AND ORDER
CONFIRMING PRONOUNCED RULINGS OF THE COURT
AFFIRMING MAGISTRATE JUDGE'S DETENTION ORDER,
OVERRULING DEFENDANT'S OBJECTIONS AND
DENYING DEFENDANT'S MOTION TO REVOKE
PRETRIAL DETENTION ORDER**

I. Background

The defendant, Martin Anderson ("Anderson"), is named in all three counts of a three-count indictment filed on June 4, 2019. ECF No. 1. On June 5, 2019, the defendant was arrested and on June 6, 2019, the defendant appeared before United States Magistrate Judge James P. Mazzone for his initial appearance on the indictment. ECF No. 6. At that time, the government moved to detain the defendant prior to trial. ECF No. 10. The Court entered an order of temporary detention pending a hearing pursuant to the Bail Reform Act. ECF No. 11. The Court then scheduled a detention hearing to take place June 10, 2019.

At the conclusion of the detention hearing, the magistrate judge found that: (1) the defendant poses a danger to the community and a flight risk; (2) there is evidence that on the day of the defendant's arrest for the charges in the indictment (ECF No. 1), the defendant attempted to evade arrest; (3) there is evidence that on the day of the defendant's arrest for the charges in the indictment (ECF No. 1), the defendant was in a vehicle with persons who had been or were using illegal drugs; (4) the defendant has an admitted history of methamphetamine use; and (5) no bond conditions could be set to reasonably ensure the appearance of the defendant and the safety of the community.  ECF No. 16 at 2.

On July 10, 2019, the defendant filed objections to the magistrate judge's detention order, asserting that the government failed to prove and articulate by clear and convincing evidence that no conditions of defendant Anderson's release can reasonably assure the safety of the community and by preponderance of the evidence that there is no condition or combination of conditions that will reasonably assure the defendant's appearance as required. ECF No. 26 at 2-3.  The defendant also later filed a motion for reconsideration of the magistrate judge's detention order, contending that the government has not met its burden to compel detention.  ECF No. 34 at 3.

The magistrate judge then entered an order denying the defendant's motion for reconsideration of the detention order,

finding that the government carried its respective burden of proof. ECF No. 35 at 2.

On September 19, 2019, the defendant filed a motion for revocation of the detention order, contending that the government failed to show that defendant Anderson poses a flight risk and that the defendant is not a threat to the community. ECF No. 36 at 1-3. In the motion, the defendant requested a prompt hearing of this matter pursuant to 18 U.S.C. § 3145(b). Id. at 1. On September 20, 2019, this Court set a detention hearing to take place Monday, September 23, 2019.

At the hearing, the defendant first called the defendant's fiancé, Tina Crawford ("Ms. Crawford"), as a witness. Ms. Crawford then testified that she has known the defendant for twenty years, and that if the defendant is released pending trial, the defendant would reside with her. Ms. Crawford stated that she has a car to provide the defendant transportation to and from any required appearances.

The government then cross-examined Ms. Crawford. On cross-examination, Ms. Crawford indicated that she is aware that the defendant has had several felony convictions, specifically, the defendant's prior convictions of vehicular eluding, and escape-attempt from felony pending. Ms. Crawford also testified that she works as an administrative assistant, from 10:00 a.m. to 3:00 p.m., Monday through Friday, from her townhouse that is located at 166

McAllen Lane, Triadelphia, West Virginia. Ms. Crawford further indicated that the defendant's 3-year-old daughter would live with her, along with her 21-year-old son and 14-year-old daughter.

Counsel for the defendant then presented argument asserting that the magistrate judge erred as to a finding of fact in concluding that the defendant is a danger to the community. Specifically, counsel for the defendant stated that the magistrate judge found that on the day of the defendant's arrest, the defendant evaded, or attempted to evade arrest. However, counsel for the defendant stated that there is nothing in the record from the detention hearing held on June 10, 2019 that would establish that fact. Counsel for the defendant noted particular portions of the detention hearing testimony of Officer William Michael Lemon ("Officer Lemon") from the West Virginia State Police Bureau of Criminal Investigation to establish that the defendant did not know that there was a warrant for his arrest. Among other things, counsel for the defendant noted that Officer Lemon did not turn on his lights, or take other similar actions, when arresting the defendant. Counsel for the defendant also noted that the defendant testified that due to his collaboration with the government, the defendant was afraid an individual may be following him. Therefore, counsel for the defendant requested that this Court revoke the magistrate judge's detention order. Instead, counsel for the defendant stated that the defendant could be tracked by a

4

GPS and regularly tested. Lastly, counsel for the defendant noted that under the Bail Reform Act, there is a preference for defendants not to be detained.

The government then presented its argument contending that on the day the defendant was arrested, the defendant was driving in excess of the speed limit which caused another car to be run off the road. The government further noted the defendant was previously convicted of: (1) escape-attempt from felony pending on January 14, 2008; (2) escape-attempt from felony pending on April 12, 2010; and (3) vehicular eluding on August 13, 2007. The government noted that the defendant testified at the detention hearing held on June 10, 2019, that he illegally used and was in the company of persons who illegally used controlled substances. The government stated that Officer Lemon stated at the detention hearing held on June 10, 2019, that on the day of the defendant's arrest, the defendant was speeding, a firearm was tossed by one of the individuals in the vehicle, and the firearm was later recovered. Moreover, the government stated that after the defendant's vehicle came to stop, Officer Lemon had him at gunpoint. The government also stated that the defendant has been previously found "passed out" in a vehicle with three firearms. Although, the government noted that it had no issue with Ms. Crawford's residence, the government asserted that the defendant is a flight risk and a danger to the community if released.

5

Therefore, the government requests that this Court affirm the magistrate judge's detention order and deny the defendant's motion to revoke the detention order.

In argument in reply, counsel for the defendant noted that the prior convictions were over ten years old, and that this Court should not use such criminal history in deciding whether to grant the defendant's motion to revoke the detention order. Counsel for the defendant noted that the government does not dispute that Officer Lemon did not turn on his lights, or take other similar actions, when arresting the defendant.

## II. Standard of Review

"When the district court acts on a motion to revoke or amend a magistrate judge's pretrial release order, the district court acts de novo and must make an independent determination of the proper pretrial detention or conditions of release." United States v. Stewart, 19 F. App'x 46, 48, 2001 WL 1020779 (4th Cir. 2001) (citing United States v. Rueben, 974 F.2d 580, 585-86 (5th Cir. 1992)).

Accordingly, this Court has reviewed the record in this case, including the transcript of the detention hearing held before Magistrate Judge Mazzone, and has made its own determination that the United States' motion to detain was properly granted.

III. Discussion

Title 18, United States Code, Section 3142(e) states, in pertinent part:

> (1) [i]f, after a hearing pursuant to the provisions of subsection (f) of this section, the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the person before trial.

18 U.S.C. § 3142(e)(1).

After a careful review of the record, the transcript of the detention hearing held on June 10, 2019, the arguments presented at the motion hearing held on September 23, 2019, and the testimony of Tina Crawford, this Court found that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of any other person and the community.

First, this Court determined the alleged events that transpired at the time of the defendant's arrest weigh in favor of the defendant's detention. Specifically, this Court stated that there is undisputed testimony that the defendant "accelerated west on McEldowney Avenue at speeds of 75 to 80 miles an hour, turned south on Main Street. [Officer Lemon] observed the vehicle fishtail, slide around a turn, accelerate southbound on Main Street, at which time Judge Cramer was exiting the courtroom, was traveling home. He was ran off the roadway by Mr. Anderson. Judge Cramer then turned around and followed the vehicle to basically

7

find out what was going on." ECF No. 23 at 7-8 (transcript of proceedings held on June 10, 2019 before Magistrate Judge Mazzone as to the defendant's detention). Based on the detention hearing transcript, it was Officer Lemon's intent "to locate [the defendant], covertly surveil him, and then contact the uniformed officers to make an arrest." Id. at 12. However, Officer Lemon made an arrest due to the defendant driving "very erratically." Id.

Second, this Court found that the defendant's past convictions for vehicular eluding and escape-attempt from felony pending weigh in favor of the defendant's detention. While the defendant's convictions may have occurred as far back as about twelve years ago, it appeared to the Court based on the circumstances surrounding the defendant's current arrest, that the defendant may still be prone to violate the law and violate conditions of pretrial release. This Court noted that whether such prior convictions are admissible at the trial of this case due to their age is not an issue that the Court needs to rule upon at this time. See 18 U.S.C. § 3142(f)(2) ("The rules concerning admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the hearing.").[1] Rather, in

---

[1] Further, see Federal Rule of Evidence 1101(d)(3) (providing that the rule does not apply, except as to privilege, on miscellaneous proceedings such as considering whether to release on bail or otherwise).

8

determining whether the defendant should remain detained, this Court considered evidence relevant to the issue of whether there is a serious risk that the defendant will flee or a serious risk to the safety of a person or the community if the defendant is not detained.

This Court indicated that although the defendant has previously admitted that he probably used methamphetamine the day prior to his arrest (see ECF No. 23 at 25) and to keeping company with other individuals using illegal substances, such evidence does not have much weight, if any, in determining whether the defendant's motion to revoke the magistrate judge's detention order should be granted.

This Court addressed, in particular, Ms. Crawford's testimony that she has a suitable living situation for the defendant, will not tolerate drug activity, and will provide transportation for the defendant to and from appearances. Specifically, this Court indicated that Ms. Crawford's assurances, although well intended, are not sufficient for this Court to decline to affirm the magistrate judge's order and to grant the defendant's motion to revoke the magistrate judge's detention order.

Given the totality of the evidence, including the defendant's prior criminal record involving convictions of vehicular eluding and escape-attempt from felony pending, even home detention with

electronic monitoring may well not be sufficient to reasonably ensure his appearance.

Accordingly, after a review of the record, the transcript of the detention hearing held on June 10, 2019, the arguments presented at the motion hearing held on September 23, 2019, and the testimony of Ms. Crawford, this Court found that the government has met its burden of proving by clear and convincing evidence "that no condition or combination of conditions will reasonably assure the safety of any other person and the community." 18 U.S.C. § 3142(f)(2)(B). Moreover, this Court found that in light of the defendant's actions at the time of his arrest and his prior convictions, there is a serious risk that the defendant will flee if he is not detained. Accordingly, this Court affirmed the magistrate judge's detention order, overruled the defendant's objections, and denied the defendant's motion to revoke the magistrate judge's detention order.

This Court REMANDED the defendant to the custody of the United States Marshals Service pending further proceedings in this criminal action.

The Court further ORDERED that the defendant be: (1) confined in a facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal, and (2) afforded a reasonable opportunity for private consultation with defense counsel.

The Court noted that on order of a Court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to the United States Marshals Service for the purpose of an appearance in connection with a court proceeding.

IV. Conclusion

For the reasons stated above, and as pronounced at the motion hearing held on September 23, 2019, Magistrate Judge James P. Mazzone's detention order (ECF No. 16) is AFFIRMED. Furthermore, the defendant's objections to the magistrate judge's order (ECF No. 26) are OVERRULED and the defendant's motion to revoke pretrial detention order (ECF No. 36) is DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the defendant, to counsel of record herein, to the United States Probation Office, and to the United States Marshals Service.

DATED:    September 24, 2019

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE