IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                Criminal Action No. 5:19CR22
                                              (STAMP)
MARTIN ANDERSON,
aka MARTIN THOMAS ANDERSON,
aka MARTIN T. ANDERSON,
aka MARTIN T. McNEIL,
aka MARTIN T. McNEAL,
aka JEFFREY BROWN,

    Defendant.

**MEMORANDUM OPINION AND ORDER
GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION FOR PRE-PLEA
PRESENTENCE INVESTIGATION REPORT**

I. Background

On October 2, 2019, the defendant, Martin Anderson ("Anderson") filed a motion seeking leave for the preparation of a pre-plea presentence investigation report. ECF No. 50. In his motion, the defendant states that he requires a pre-plea presentence investigation report to aid in his decision of whether to enter a plea of guilty in this matter. Id. at 1. The defendant attached a Federal Rule of Criminal Procedure 32(e)(1) Waiver to his motion. See ECF No. 50-1.

For the reasons stated below, defendant Anderson's motion for a pre-plea presentence investigation report (ECF No. 50) is GRANTED IN PART and DENIED IN PART.

II. <u>Discussion</u>

Title 18, United States Code, Section 3552 and Rule 32 of the Federal Rules of Criminal Procedure govern the preparation and use of presentence reports. Title 18, United States Code, Section 3552 states "[a] United States probation officer shall make a presentence investigation of a defendant that is required pursuant to the provisions of Rule 32(c) of the Federal Rules of Criminal Procedure, and shall, before the imposition of sentence, report the results of the investigation to the court." 18 U.S.C. § 3552(a). Federal Rule of Criminal Procedure 32(e)(1) states "[u]nless the defendant has consented in writing, the probation officer must not submit a presentence report to the court or disclose its contents to anyone until the defendant has pleaded guilty or nolo contendere, or has been found guilty." Fed. R. Crim. P. 32(e)(1).

The Advisory Committee Notes of Federal Rule of Criminal Procedure 32(e)(1) indicate that "the language [of Rule 32] clearly permits the preparation of a presentence report before guilty plea or conviction." Fed. R. Crim. P. 32(e)(1), Advisory Committee Notes, 1989 Amendments (quotation marks omitted); <u>see also</u> <u>Gregg v. United States</u>, 394 489, 491 (1969) ("Rule 32 is explicit. It asserts that the 'report shall not be submitted to the court . . . unless the defendant has pleaded guilty or has been found guilty." This language clearly permits the preparation of a presentence report before guilty plea or conviction but it is equally clear

2

that the report must not, under any circumstances, be 'submitted to the court' before the defendant pleads guilty or is convicted.").

However, Rule 32(e)(1) "permits, but does not require, disclosure of the report with the written consent of the defendant." Fed. R. Crim. P. 32(e)(1) at Advisory Committee Notes, 1989 Amendments. Further, Rule 32(e)(1) "does not [ ] indicate why a presentence report might be created prior to a plea of guilty, to what purposes such a report might legitimately be put, or whether such a report may be created and disclosed before a plea agreement is reached." United States v. Rodriguez, No. 06-40007-FDS, 2007 WL 2908640, at *1 (D. Mass. Oct. 3, 2007).

This Court concludes that, to the extent it has authority to order a pre-plea presentence report, it declines to exercise that authority under the circumstances presented here.

First, a critical component of the presentence investigation is the interview with the defendant. This interview may interfere with the defendant's Fifth Amendment right against self-incrimination, and may develop incomplete or inaccurate information due to the defendant's uncertainty about full disclosure.

Second, a pre-plea presentence report may create expectations about a tentative guideline sentencing range that could vary considerably from the range ultimately used at sentencing. Creation of a pre-plea presentence investigation report could lead to claims that the defendant's plea was not knowing and voluntary,

or claims of government misconduct if the defendant does not plead guilty and the government changes any of its factual or legal positions. Therefore, there is substantial potential for unfairness to the defendant and the government.

Third, preparation of presentence reports is complex, time consuming, and places an unnecessary burden on the United States Probation Office's investigators.

Fourth, the Probation Office's investigator may be placed in the impermissible role of arbiter and fact finder for purposes other than assisting the Court in determining an appropriate sentence. Rule 11(c)(1) of the Federal Rules of Criminal Procedure prohibits the Court from participating in plea discussions. "The Probation Office is an arm of the court, and as such must avoid involving itself in the parties' plea negotiations." United States v. Sanchez, No. 1:15-CR-42-DN, 2016 WL 3920178, at *2 (D. Utah July 18, 2016).

Given these concerns with the preparation of a pre-plea presentence report, a full presentence report will not be ordered pre-plea in this case. See Sanchez, 2016 WL 3920178, at *2 (denying preparation of a full pre-plea presentence investigation report after listing concerns similar to those set forth above); Rodriguez, 2007 WL 2908640, at *1 (declining to use any discretion to direct the probation officer to prepare a full pre-plea presentence investigation report after listing concerns similar to

those set forth above); United States v. Kearns, 109 F. Supp. 1309, 1318 (D. Kansas 2000) (denying the defendant's motion for an order directing that a pre-plea presentence report be prepared, stating that the procedure may not be appropriate and indicating concerns about allowing such a request to become a standard practice).

However, this Court finds that it is appropriate under the circumstances to order the preparation and disclosure of the defendant's criminal history to the defendant and to the government. Such information shall not be disclosed to the Court at this stage of the proceedings. Preparation of a defendant's criminal history: (1) is less labor-intensive and not unduly burdensome; (2) serves the ends of justice; (3) is included in the presentence investigation report regardless of the defendant's willingness to cooperate; and (4) provides sufficient information to evaluate the defendant's criminal history category, likely guideline applications, and the evidence which might constitute relevant conduct. Moreover, compilation of such information prior to the defendant's guilty plea would not generally give rise to the various concerns listed in this memorandum opinion and order and as expressed by courts in the above cited cases.

III. Conclusion

For the reasons stated above, the motion for pre-plea presentence investigation report of defendant Martin Anderson (ECF No. 50) is GRANTED IN PART and DENIED IN PART.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to the defendant, to counsel of record herein, to the United States Probation Office, and to the United States Marshals Service.

DATED:   October 8, 2019

                                    /s/ Frederick P. Stamp, Jr.
                                    FREDERICK P. STAMP, JR.
                                    UNITED STATES DISTRICT JUDGE